IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| CURTIS RAY GARRISON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-10-1234-HE |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Because the Plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint to determine whether it states a claim on which relief can be granted.[1] In carrying out this function, the Court should summarily dismiss the complaint for failure to state a valid claim.

Under Fed. R. Civ. P. 8(a)(1)-(2), the pleader must provide "a short and plain statement" of the grounds for jurisdiction and a "claim showing that [he] is entitled to relief." In the complaint, however, Mr. Garrison simply wrote: "I have been denied on my Social Security Disability and I want to appeal on my case."[2]

This statement is "short," as required, but it does not identify any facts that would suggest relief. As a result, the Court should summarily dismiss the complaint for failure to

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (2006).

[2] Complaint (Nov. 15, 2010).

state a claim on which relief can be granted.³ Because Mr. Garrison is *pro se* and the pleading defect is potentially curable, the Court should *sua sponte* grant leave to amend the complaint within 21 days.⁴

The amended complaint should include a short and plain statement of Mr. Garrison's claim. For example, Mr. Garrison should identify the erroneous action by the Social Security Administration and the facts that would support reversal.⁵

In the amended complaint, Mr. Garrison should also state the facts necessary for a claim under 28 U.S.C. § 405(g) and 20 C.F.R. § 416.1400.

In 28 U.S.C. § 405(g), two requirements exist for judicial review. First, the complaint must be filed within 60 days of the mailing of the administrative decision or such other time stated by the Commissioner of Social Security. Second, the complaint must be filed in the district where the Plaintiff resides. Mr. Garrison signed the complaint with an Oklahoma City address, which reflects residence in the Western District of Oklahoma.⁶ But he did not say when the administrative decision was mailed to him. The Plaintiff should include this fact so that the Court can determine whether he has complied with the 60-day deadline.

---

³   *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (2006).

⁴   *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that dismissal without prejudice and with leave to amend should result when a *pro se* litigant's pleading defects are potentially curable).

⁵   *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

⁶   *See* 28 U.S.C. § 116(c) (2006).

A third requirement appears in 20 C.F.R. § 416.1400. This provision requires a request for review by the Appeals Council before initiation of a civil complaint.[7] Thus, if Mr. Garrison amends the complaint, he should state whether he sought review by the Appeals Council and whether it has acted on that request. If Mr. Garrison did request review by the Appeals Council, the complaint would have been due on the 60th day after his receipt of the decision.[8] Thus, if review was requested in the Appeals Council, Mr. Garrison should state in the complaint when he had received notice of the decision.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[9] The deadline for objections is August 5, 2011.[10] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[11]

The referral is discharged. If Mr. Garrison files a timely amendment of the complaint, the undersigned would suggest a new referral.

---

[7] *See* 20 C.F.R. § 416.1400(a)(4)-(5), (b); *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." (citations omitted)).

[8] *See* 20 C.F.R. § 422.210(c).

[9] *See* 28 U.S.C. § 636(b)(1) (2009 supp.).

[10] *See* 28 U.S.C. § 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[11] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The Court requests that the Clerk mail a copy of the present report to the Social Security Administration, Office of the General Counsel, 1301 Young Street, Suite A702, Dallas, Texas 75202-5433.

Entered this 19th day of July, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge