IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS RAY GARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-1234-HE |
| | ) |
| SOCIAL SECURITY, | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Mr. Curtis Garrison applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 113-22 (certified Aug. 25, 2011) ("Record"). The Social Security Administration rejected the applications,[1] and Mr. Garrison initiated the present action. The Court should affirm the decision of the Social Security Administration.

I.  STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the Social Security Administration's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh

---

[1]     Record at pp. 1-3, 9-20, 45-61, 64-69.

the evidence or substitute its judgment for that of the Social Security Administration. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

II.     THE PLAINTIFF'S ARGUMENTS

Mr. Garrison has alleged:

- failure to explain disregard of "the State Agency's findings and . . . treating doctors['] opinions" about a restriction to sedentary work,

- error in the finding regarding exaggeration of the pain,

- failure to explain disregard of the diagnoses of schizophrenia and bipolar disorder, and

- error in the omission of limitations involving the "right shoulder, . . . chronic asthma, [chronic obstructive pulmonary disease], mental health and knee problems, back pain, and neck pain."

Plaintiff's Opening Brief at pp. 5-6 (Nov. 14, 2011) ("Plaintiff's Opening Brief"). The Court should reject Mr. Garrison's allegations.

III.    THE ADMINISTRATIVE LAW JUDGE'S FAILURE TO EXPLAIN HIS APPARENT DISREGARD OF MEDICAL OPINIONS REGARDING SEDENTARY WORK

According to Mr. Garrison, the administrative law judge erroneously disregarded the "State Agency's findings and . . . treating doctor[']s opinions" concerning a limitation to sedentary work. Plaintiff's Opening Brief at p. 5. Any error would have been harmless.

In June 2008 a state agency physician, Dr. Billinghurst, completed a physical assessment based on the Plaintiff's medical records. *See* Record at pp. 314-21. Dr. Billinghurst opined that Mr. Garrison could:

- occasionally lift or carry ten pounds,
- frequently lift or carry ten pounds,
- stand or walk at least two hours in an eight-hour day,
- sit about six hours in an eight-hour day,
- engage in unlimited pushing or pulling, and
- occasionally climb, stoop, kneel, crouch, or crawl.

*Id.* at pp. 315-16. In October 2008, state agency physician Dr. Mungul affirmed that assessment. *See id.* at p. 331.

With these limitations, Mr. Garrison would only be able to perform sedentary work. *See* 20 CFR §§ 404.1567(a), 416.967(a) (defining sedentary work).

A non-examining medical expert, Dr. Lynn, testified that based on Mr. Garrison's medical records, the Plaintiff should be to:

> sit for eight out of eight hours with usual breaks; stand and walk 30 minutes, two hours out of an eight hour day; occasionally bend, but infrequently crouch, squat, stoop, push, pull 20 pounds; climb stairs; frequently reach and finger; lift 20 pounds on occasion, 10 pounds frequently; with very little finger motion; the ability to speak and understand with no limitations; and with no special requirements from an environment.

Record at p. 33. With these limitations, the Plaintiff would be able to perform light work. *See* 20 CFR §§ 404.1567(b), 416.967(b) (defining light work).

The administrative law judge stated that he had considered all of the evidence[2] and opined that the Plaintiff had the residual functional capacity ("RFC") to "perform light work . . . except stand/walk at will, occasionally bend, push/pull 20 pounds; occasionally stoop."[3]

The Defendant concedes a failure by the administrative law judge to explain why he had disregarded the agency doctors' assessment[4] of a limitation to sedentary work.[5] However, any error would have been harmless because the judge ultimately relied on the vocational expert's testimony that the Plaintiff could return to the work force in three sedentary jobs:  address clerk or mail sorter, food and beverage order clerk, and microfilm document preparer.  Record at pp. 19-20, 36-37.

---

[2]   The administrative law judge explained that he had "considered all the evidence of record, including medical evidence, clinical and laboratory tests, statements in the record, and the testimony at the hearing . . . .  This included those exhibits not cited in the decision, as well as those exhibits that are specifically cited."  Record at p. 14.

[3]   Record at p. 15.

[4]   Mr. Garrison mentions the opinions of State Agency physicians and "treating" physicians. Plaintiff's Opening Brief at pp. 5-6.  However, the Plaintiff only discusses the agency physician reports and does not identify any treating physician who had expressed an opinion regarding the level of work Mr. Garrison could perform.  *See id.*  Without further information, the Court cannot ascertain whether a treating physician's opinion had been ignored.  *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) ("We are unable to address Ms. Threet's first contention that the [administrative law judge] erred in failing to articulate reasons for disregarding the opinions of her treating physicians, because that argument is insufficiently developed in Ms. Threet's brief."). Regardless of whether a treating physician opinion was involved, the error would have been harmless.  *See infra* pp. 4-5.

[5]   Brief in Support of the Commissioner's Decision at p. 5 (Dec. 30, 2011) ("The Commissioner concedes that the [administrative law judge] erred by not explicitly weighing the opinions of Dr. Billinghurst and Dr. Mungul.").

A similar issue arose in *McAnally v. Astrue*, 241 Fed. Appx. 515 (10th Cir. July 23, 2007) (unpublished op.). There the administrative law judge failed to discuss some of the claimant's exertional limitations found by a state agency medical consultant, and the federal district court found error in the failure to properly weigh that opinion. *See McAnally v. Astrue*, 241 Fed. Appx. at 518-19. However, the court regarded the error as harmless because the vocational expert had identified jobs the claimant could perform even with the restrictions imposed by the medical consultant. *See id.* at 519. Because the disregarded limitations would not have affected any of the sedentary jobs relied upon, the district court treated the error as harmless and the appeals court affirmed. *See id.* at 519-20.

The present circumstances are similar. The Court can assume *arguendo* that the administrative law judge had erroneously disregarded the opinions by two medical consultants. But, the vocational expert identified three jobs that Mr. Garrison could perform even if Dr. Billinghurst and Dr. Mungul's opinions regarding sedentary work had been adopted. Record at pp. 36-37. And the administrative law judge relied on the three sedentary jobs when he found an ability to perform substantial gainful activity. *See supra* p. 4. Consequently, *McAnally* dictates a finding of harmlessness.

IV. THE ADMINISTRATIVE LAW JUDGE'S ALLEGED ERROR IN THE CREDIBILITY DETERMINATION

The administrative law judge concluded that Mr. Garrison had "exaggerated his pain." *Id.* at p. 18. The Plaintiff challenges this finding, arguing that it "is not in accordance with

his treating doctors." Plaintiff's Opening Brief at p. 6. The Court should reject this argument.

"[A]n [administrative law judge's] credibility determination must be 'closely and affirmatively linked' to substantial record evidence." *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (citation omitted). Mr. Garrison's administrative law judge complied with this requirement, finding:

- that "Dr. Newcomb (Exhibit 8F) [had] reported that [the Plaintiff's] paravertebral musculature was tender to palpation, however, it was out of proportion to the amount of pressure on palpation,"

- that the Plaintiff had reported he could walk half a block and drive his wife to and from work,

- that there had been no documentation of a myocardial infarction, and

- that Mr. Garrison had not required any assistive devices.

Record at p. 18.

Mr. Garrison has failed to articulate which "treating physicians" had made inconsistent findings and the Court should decline to comb the record and speculate about the content of the argument. *See supra* note 4 (quoting *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003)).

V.  THE ADMINISTRATIVE LAW JUDGE'S FAILURE TO EXPLAIN HIS DISREGARD OF THE DIAGNOSES OF SCHIZOPHRENIA AND BIPOLAR DISORDER

Mr. Garrison further alleges error on grounds that the administrative law judge had noted the diagnoses of schizophrenia and bipolar disorder, but failed to explain his disregard for the evidence. Plaintiff's Opening Brief at p. 6. No error took place.

In the entirety of the medical record, there is one reference to "bipolar disorder and schizophrenia." That item appears in a review of the alleged symptoms during a physical examination in January 2008. Record at p. 283. The administrative law judge noted this entry, but did not discuss the matter. *See id.* at p. 16.

Mr. Garrison has not "present[ed] evidence of a cognitive impairment that was substantial on its face." *Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009) (citation omitted). Indeed, the Plaintiff did not seek benefits based on a mental impairment,[6] he did not allege at the hearing that a mental impairment prevented him from working,[7] and there are no records indicating treatment for a mental impairment.[8] Under the circumstances, there was no error in the administrative law judge's failure to discuss the reference to mental disorders. *See id.* at 1064-65.

---

[6]   *See* Record at pp. 135, 145-52.

[7]   *See* Record at p. 24.

[8]   *See* Record, *passim*.

VI.   THE ADMINISTRATIVE LAW JUDGE'S ALLEGED FAILURE TO INCLUDE APPROPRIATE LIMITATIONS IN THE RFC FINDINGS

Finally, Mr. Garrison alleges that the administrative law judge had failed to include any restrictions in the RFC findings based on the Plaintiff's "right shoulder, . . . chronic asthma, [chronic obstructive pulmonary disease], mental health[,] . . . knee problems, back pain, and neck pain." Plaintiff's Opening Brief at p. 6. The administrative law judge ultimately concluded that Mr. Garrison could only stand, walk at will, occasionally bend and stoop, and push or pull only twenty pounds. *See supra* p. 4. Mr. Garrison's criticism is not persuasive because of his failure to articulate any other limitations that should have been assessed.

*McAnally v. Astrue*, 241 Fed. Appx. 515 (10th Cir. July 23, 2007) (unpublished op.), again addressed a similar issue. There the claimant alleged in part that the administrative law judge had failed "to formulate an RFC assessment" with "all of her functional limitations." *McAnally v. Astrue*, 241 Fed. Appx. at 518. The Tenth Circuit Court of Appeals rejected the claim, noting:

> [W]e agree with the magistrate judge that, "[w]ith regard to [some of her impairments], the claimant has shown no error by the [administrative law judge] because she does not identify any functional limitations that should have been included in the RFC [assessment] or discuss any evidence that would support the inclusion of any limitations."

*Id.* (citation omitted).

This reasoning is applicable here. Mr. Garrison alleges that the administrative law judge had failed to include restrictions, but fails to identify them. As a result, the Court should reject the argument.[9]

## VII. RECOMMENDED RULING

The Court should affirm the decision of the Social Security Administration.

## VIII. NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.). The deadline for objections is June 4, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## IX. STATUS OF THE REFERRAL

The referral is discharged.

Entered this 16th day of May, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See McAnally v. Astrue*, 241 Fed. Appx. 515, 518 (10th Cir. July 23, 2007) (unpublished op.); *see also Haynes v. Astrue*, 2008 WL 2944935, Westlaw op. at 1, 2 n.5 (W.D. Okla. July 24, 2008) (unpublished op.) (rejecting the claimant's argument that the administrative law judge had failed to include limitations in the RFC findings when the plaintiff had failed to identify the omitted restrictions).